Filed in Open Court
02/17/2026
Skyler B. O'Hara
By M. Garnett
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cr-20032-DDC-01 |
| ) | |
| ERNEST LUCAS, ) | PETITION TO ENTER PLEA OF |
| ) | GUILTY, CERTIFICATE OF |
| Defendant. ) | COUNSEL, AND ORDER |
| ) | |

The defendant represents to the court:

1. My name is Ernest Lucas. I am 53 years old. I graduated from high school.

2. My attorney is Paul Hood.

3. My attorney and I have discussed this case fully. I have received a copy of the Third Superseding Indictment. I have read it, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of the charges, any lesser-included offenses, and the possible defenses that I might have in this case. I have been advised and understand that, if I took this case to trial, the Government would be required to prove beyond a reasonable doubt the charges against me at Counts 1, 9, and 10 of the Third Superseding Indictment. I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4. I know that if I plead "GUILTY," I will have to answer any questions that the Judge asks me about the offense to which I am pleading guilty. I also know that if I answer falsely,

under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications that would affect my thinking or my ability to reason within the past seven (7) days.

6. I understand that conviction of a crime may result in consequences in addition to imprisonment. Such consequences include loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

    a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

    b. The right to have the assistance of an attorney at all stages of the proceedings;

    c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

    d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

    e. The right to decide for myself whether to take the witness stand and testify, and

if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

 f. The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the Judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the Court's jurisdiction.

9. In this case I am pleading "GUILTY" under Rule 11(c)(1)(C). My attorney has explained that, pursuant to Rule 11(c)(1)(C), the Judge will consider the sentence recommended in the Plea Agreement and may follow that recommendation or not. If the Judge does not follow that recommendations, then I am permitted to withdraw my plea of "GUILTY." If the Judge accepts the sentence recommended in the Plea Agreement, then I am NOT permitted to withdraw my plea of "GUILTY."

10. The maximum sentences for Counts 1, 9, and 10 are presented in the Third Superseding Indictment. I know that for Count 1 the maximum prison sentence is life.

11. I know that the Judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count of conviction.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing Judge, in determining the particular sentence to be imposed, must consider those factors set forth in title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense,

my own history, and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that calculation is only advisory and is only one of the factors that the Judge will consider in making a final decision to accept or reject the sentence recommended in the Plea Agreement. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph 10, above.

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison, I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the Judge will impose a term of supervised release to follow the prison sentence. During my supervised release term, I will be supervised by a probation officer according to terms and conditions set by the Judge. In my case, the law requires a term of supervised release of at least five years. If I violate the conditions of supervised release, I may be sent back to prison for up to five years (18 U.S.C. 3583(e)(3)).

16. I know that in addition to or in lieu of any other penalty, the Judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the Judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of

judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I may be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a written Plea Agreement that I have made with the prosecutor. I have reviewed that Agreement with my attorney, and I have signed it.

21. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the Judge accept my plea of "GUILTY" to the following count: **Count 1 of the Third Superseding Indictment: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine.**

24. I know that the Judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge to which I am pleading guilty, the factual basis is stated in the Plea Agreement.

25. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Third Superseding Indictment, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney attached to this Petition.

SIGNED by me in the presence of my attorney, after reading all the foregoing pages and paragraphs of this Petition on this 12th day of February 2026.

_____
Ernest Lucas

February 17, 2026

Megan Garrett
Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br>v.<br>ERNEST LUCAS,<br>　　　　　　　　　Defendant. | Case No.　　2:22-CR-20032-DDC-1<br><br>CERTIFICATE OF COUNSEL |

The undersigned, as attorney for the defendant, hereby CERTIFIES:

1.　　I have fully explained to the defendant the allegations contained in the Third Superseding Indictment, any lesser-included offenses, and possible defenses that may apply.

2.　　I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3.　　I have explained to the defendant the maximum penalties and other consequences of entering a plea of guilty described in the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4.　　I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition to Enter Plea of Guilty, and any Plea Agreement, on this 12th day of February 2026.

　　　　　　　　　　　　　　　　　　/s/ Paul Hood
　　　　　　　　　　　　　　　　　　Paul Hood
　　　　　　　　　　　　　　　　　　Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br>v.<br>ERNEST LUCAS,<br>　　　　　　　　　　Defendant. | Case No.　2:22-CR-20032-DDC-1<br><br>ORDER |

　　I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime to which the defendant has entered a plea of GUILTY.

　　IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

　　DATED this 17th day of February 2026, in open court.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Hon. Daniel D. Crabtree
　　　　　　　　　　　　　　　　Senior Judge
　　　　　　　　　　　　　　　　United States District Court